BESS GILMORE ET AL. *v.* PUBLIC STORAGE, INC.
(AC 28148)

Gruendel, Robinson and Foti, Js.

Argued March 27—officially released June 3, 2008

*Douglas Gilmore*, for the appellants (plaintiffs).

*James E. Carroll*, pro hac vice, with whom were *John J. Bogdanski*, and, on the brief, *Carl Fumarola*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Bess Gilmore, and her son, Keith Gilmore, appeal from the judgment of the trial court, rendered in favor of the defendant, Public Storage, Inc., on a motion for summary judgment. They make several claims on appeal. The plaintiffs' first claim asserts that the court improperly granted the defendant's motion for summary judgment after a hearing for that motion was scheduled on the short calendar in violation of the rules of practice. Their second and

third claims assert that the court improperly granted the defendant's motion for summary judgment for additional reasons. Their last two claims pertain to the underlying merits of the case. Because we reverse the judgment on the basis of the plaintiffs' first claim, we do not need to address the remaining claims.

The following procedural history is relevant to our disposition of the plaintiffs' appeal. The plaintiffs filed their complaint on February 17, 2004.[1] The record discloses that on August 25, 2006, the defendant filed a motion for summary judgment. On September 5, 2006, the plaintiffs filed a timely request for an extension of time to respond to the motion for summary judgment. In their appellate brief, the plaintiffs argue that their request for an extension of time was granted automatically by the clerk pursuant to Practice Book § 17-45, and, therefore, the motion for summary judgment should not have appeared on the short calendar earlier than thirty days from the filing of the request. The motion for summary judgment, however, was first scheduled on September 11, 2006, but was subsequently marked off by the defendant. The motion was then scheduled for September 25, 2006, and heard before the court. While the defendant appeared before the court on September 25, 2006, the plaintiffs did not due to the illness of the plaintiffs' attorney. As a result, the motion was taken on the papers. On October 5, 2006, the court rendered judgment in favor of the defendant.

Practice Book § 17-45 provides in relevant part: "Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of

---

[1] The plaintiffs served a complaint against the defendant seeking damages for the losses they incurred as a result of the defendant's disposal of property the plaintiffs had stored in the defendant's storage facility.

time to respond to the motion. The clerk shall grant such request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request. . . ." The plaintiffs' request for an extension of time to respond to the motion for summary judgment was filed on September 5, 2006, which was within the time period specified by the rules of practice.[2] Because the plaintiffs' request was filed timely, the clerk automatically granted the request pursuant to Practice Book § 17-45, and the motion for summary judgment should not have appeared on the calendar prior to thirty days after the request had been made. The motion for summary judgment, however, was scheduled on the short calendar for September 25, 2006. September 5 to September 25 is a span of only twenty days, which does not comport with Practice Book § 17-45. The court should have scheduled the motion for summary judgment on the short calendar at least thirty days after the filing of the plaintiffs' request for an extension of time pursuant to Practice Book § 17-45.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

---

[2] Although September 5, 2006, was technically eleven days after the date the defendant filed the motion for summary judgment, August 25, 2006, the plaintiffs' request nevertheless was timely. Practice Book § 7-17 provides in relevant part: "If the last day for filing any matter in the clerk's office falls on a day on which such office is not open as thus provided . . . then the last day for filing shall be the next business day upon which such office is open. . . ." August 25, 2006, was a Friday. Ten days from August 25, 2006, was September 4, 2006, which was Labor day, a national holiday on which the court is closed. As a result, the next business day was September 5, 2006, the date on which the plaintiffs filed their request for an extension of time.